UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JOHN L. MAYS, JR.                        CIVIL ACTION NO. 07-1803

VERSUS                                   JUDGE HICKS

LOUISIANA TRIBUNAL APPEALS               MAGISTRATE JUDGE HORNSBY
COURT, ET AL


**REPORT AND RECOMMENDATION**

John L. Mays, Jr. ("Plaintiff") filed this civil action without representation by an attorney.   His complaint names as Defendants the Louisiana Department of Labor, Administrative Law Judge Richard Brown and the "Louisiana Tribunal Appeals Court." Plaintiff complains about proceedings held in the state administrative system in connection with a claim for unemployment compensation.  Plaintiff asks for an award of $190,000,000 and an order that ALJ Brown be removed from the bench and disbarred for life. It appears the agency proceedings are now final.

Plaintiff does not cite any legal basis for his claims, and none is evident from the complaint. Plaintiff simply expresses dissatisfaction with the ruling issued in the administrative proceeding.  Federal courts have limited jurisdiction, and they lack jurisdiction to entertain collateral attacks on final state court judgments. This rule is known as the Rooker-Feldman doctrine.  See Exxon Mobil Corp. v. Saudi Basic Industries Corp., 125 S.Ct. 1517 (2005) (doctrine bars cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal proceedings commenced and inviting

federal district court review and rejection of those judgments); <u>Riley v. Louisiana State Bar Association</u>, 214 Fed. Appx. 456 (5th Cir. 2007) (doctrine deprived federal court of jurisdiction to hear complaint by disbarred attorney who attempted to challenge the Bar Association's denial of an application for readmission).  <u>See</u> <u>also</u> <u>Hagerty v. Succession of Clement</u>, 749 F.2d 217, 220 (5th Cir. 1984) ("A plaintiff may not seek a reversal of a state court judgment simply by casting his complaint in the form of a civil rights action.").

The Eleventh Amendment also bars Plaintiff's claims against the Louisiana Department of Labor and the administrative court system.  Those entities are obviously concerned with statewide problems and otherwise satisfy the requirements for Eleventh Amendment immunity.  <u>See</u> <u>Champagne v. Jefferson Parish Sheriff's Office</u>, 188 F.3d 312 (5th Cir. 1999) (listing factors); and <u>Price v. Unifab International, Inc.</u>, 2005 WL 2898236 (M.D. La. 2005) (applying Eleventh Amendment to the Louisiana Department of Labor).  As for Judge Brown, administrative law judges are entitled to absolute immunity from liability for judicial acts that are not performed in clear absence of all jurisdiction, however erroneous the act may be.  <u>See</u> <u>Beck v. Texas State Board of Dental Examiners</u>, 204 F.3d 629 (5th Cir. 2000)(state agency members who performed adjudicatory function were entitled to absolute immunity); <u>Brown v. Louisiana Office of Student Financial Assistance</u>, 2007 WL 496658 (N.D. Tex. 2007) (state agency ALJ entitled to absolute immunity).

Plaintiff's complaint does not identify any particular cause of action.  It appears to rest on his general unhappiness with the state agency proceedings, and the federal courts simply

do not have jurisdiction to review or interfere in such matters.  As explained above, the Defendants named by Plaintiff are entitled to sovereign or judicial immunity against any claims that Plaintiff might assert against them in connection with the agency proceedings.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed without prejudice**.


### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 26th day of December, 2007.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE